IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIEL ISAAC DELEON | § § § § | |
| *Plaintiff,* | § § | |
| | § | Case No. 5:21-cv-781 |
| VS. | § § § | |
| TREVOR JOHN FASCHING and K-WAY EXPRESS, INC. | § § § § § § | |
| *Defendants.* | § | **Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Gabriel Isaac Deleon, and files his Original Complaint against Defendants Trevor John Fasching ("Fasching") and K-Way Express, Inc. ("K-Way Express") (collectively referred to as "Defendants"). In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
### PARTIES

1.1   Plaintiff, Gabriel Isaac Deleon, is a Texas citizen who resides in San Antonio, Texas.

1.2   Defendant, Trevor John Fasching, is a citizen of Minnesota who resides in Winsted, McLeod County, Minnesota. Defendant Fasching may be served with process at 3589 225th St, Winsted, Minnesota 55395.

1.3   Defendant, K-Way Express, Inc., is a corporation incorporated under the laws of Minnesota. Its principal office is located at 1300 6th Ave S, Winsted, Minnesota 55395. As evidenced by the location of the crash described below, K-Way Express

conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas. K-Way Express was the employer of Fasching, who was operating a K-Way Express freightliner and hauling a K-Way Express trailer at the time of the crash that makes the basis of this lawsuit. K-Way Express may be served with process by serving its Chief Executive Officer, James Koch, at 1300 6th St. S., Winstead, MN 55395.

## II.
### VENUE AND JURISDICTION

2.1     Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. Specifically, the crash that makes the basis of this lawsuit occurred in Bexar County, Texas, which is located in the San Antonio Division of the Western District of Texas.

2.2     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and all Defendants.

2.3     This Court has specific personal jurisdiction over the Defendants because they purposely directed their activities at Texas and the litigation is the result of injuries that arise out of, and relate to, those activities.  In particular, this action arises foreseeably from Defendants' conduct following their purposeful choice to operate a vehicle on the roadways of Texas (Fasching in driving the vehicle in Texas, and K-Way Express in owning the commercial vehicle and having Fasching, its employee, servant and/or agent, drive it in Texas) and the failure to exercise ordinary care while doing so.  Defendants

should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with their tortious activities in Texas, and this Court's personal jurisdiction over these Defendants in this action arises from that nexus. Defendants themselves created the contacts with Texas; they purposefully availed themselves of the privilege of conducting activities within Texas. Defendants have sufficient minimum contacts (both substantial contacts and continuous contacts) with the State of Texas to support the exercise of personal jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Texas and the claims made against them as well as the minimum contacts purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and with due process; it does not offend traditional notions of fair play and substantial justice; and is neither unfair nor unreasonable.

### III.
### BACKGROUND FACTS

3.1 According to the Texas Peace Officer crash report, on June 28, 2021, Plaintiff was lawfully traveling southbound on IH 10 W in Bexar County, Texas, in the center lane. At the same time, Defendant Fasching, operating a 2016 freightliner owned by Defendant K-Way Express (VIN 3ALXFB009GDHF0767), was traveling next to him in the far-left lane. Suddenly and without warning, Defendant Fasching attempted to change lanes, violently striking the driver-side rear quarter-panel of Mr. Deleon's vehicle with the front of his tractor-trailer. As a result of the initial impact, Mr. Delon's vehicle spun to the right and struck the median head-on. Plaintiff was severely injured as a result of the collision.

3.2	At the time of the crash, Defendant Fasching was acting in the course and scope of his employment with K-Way Express and acting in furtherance of K-Way Express' business.

**CAUSES OF ACTION AGAINST DEFENDANTS
TREVOR JOHN FASCHING AND
<u>K-WAY EXPRESS, INC.</u>**

**IV.**
**NEGLIGENCE AND VICARIOUS LIABILITY**

4.1	Plaintiff incorporates and realleges each of the paragraphs above as though fully set forth herein at length.

4.2	Defendants Fasching and K-Way Express committed acts of omission and commission, which collectively and severally constitute negligence.  That negligence proximately caused the crash in question and Plaintiff's damages.

4.3	 Defendants Fasching and K-Way Express owed a duty to Plaintiff to exercise ordinary care.  Acts and/or omissions of Defendants Fasching and K-Way Express which constitute negligence include, without limitation, one or more of the following:

a.	Failing to operate the freightliner in a reasonable and prudent manner;

b.	Failing to keep a proper lookout for warnings, other vehicles, obstructions or changing traffic conditions as a person of ordinary care would have kept;

c.	Failing to control his speed;

d.	Failing to pay attention to attendant traffic and driving conditions;

e.	Failing to take proper evasive action as a person of ordinary care would have under the circumstances;

f.	Failing to maintain a lane of travel; and

g.  Failing to timely apply the brakes of the freightliner.

4.4  Each of the above acts and/or omissions constitutes negligence, and each was a proximate cause of the incident that makes the basis of this suit and a proximate cause of the injuries and damages sustained by Plaintiff and to be sustained by Plaintiff in the future.

4.5  Defendant K-Way Express is liable for Defendant Fasching's conduct under the doctrine of *respondeat superior*. Defendant Fasching was employed by Defendant K-Way Express as its authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the occurrence that gives rise to this lawsuit. Defendant Fasching was acting in the course and scope of his employment and/or agency with K-Way at the time of the occurrence that gives rise to this lawsuit, such that at the time of the collision he was acting within his general authority, in furtherance of the business of Defendant K-Way Express, and for the accomplishment of the object for which he was hired and/or retained.

4.6  Alternatively, Defendant DeLeon was a statutory employee of Defendant K-Way Express pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1, *et seq.*

## DAMAGES

### V.
### ACTUAL DAMAGES

5.1  As a result of the subject crash, Plaintiff has suffered in the past, and will likely suffer in the future, actual, special, incidental and/or consequential damages for

which he seeks recovery herein. These damages were proximately caused by the negligence of the Defendants, and include but are not limited to:

    (a)    Past and future pecuniary loss;

    (b)    Past and future medical bills;

    (c)    Physical pain;

    (d)    Mental anguish;

    (e)    Physical impairment;

    (f)    Disfigurement;

    (g)    Lost earnings;

    (h)    Lost earning capacity; and

    (i)    Reasonable and necessary medical expenses.

## VI.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

6.1    Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VII.
### CONDITIONS PRECEDENT

7.1    All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed, have occurred and/or have been waived.

## VIII.
### JURY DEMAND

8.1    Plaintiff requests a jury trial and tenders the requisite jury fee.

## IX.
### PRAYER FOR RELIEF

9.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set for a trial before a jury, and

that Plaintiff recover judgment of and from Defendants for his actual, special, incidental and/or consequential damages as pled herein, in such an amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may justly show himself entitled, whether at law or in equity.

DATED: August 19, 2021.                    Respectfully Submitted,

                                          WATTS GUERRA LLP
                                        4 Dominion Drive
                                        Building 3 - Suite 100
                                        San Antonio, Texas 78257
                                        Telephone:   210.447.0500
                                        Facsimile:    210.447.0501

By:    */s/ Shalimar S. Wallis*
        FRANCISCO GUERRA, IV.
        State Bar No. 00796684
        Email:  fguerra@wattsguerra.com
        SHALIMAR S. WALLIS
        State Bar No. 24033191
        Email:  swallis@wattsguerra.com
        OSCAR QUIROZ JR.
        State Bar No. 24104764
        Email: oquiroz@wattsguerra.com

and

        JAMES M. SHAW
        State Bar No. 00784955
        Email: jshaw@carabinshaw.com
        CARABIN & SHAW, P.C.
        630 Broadway
        San Antonio, Texas 78215
        Telephone:   210.222.2288
        Facsimile:    210.222.1480

        **ATTORNEYS FOR PLAINTIFF**